Nataniel Hanson,

Court File No.:  15-4210 (RHK/JSM)

       Plaintiffs,

vs.

**ANSWER**

City of Richfield, Dustin Schwarze,
Nate Kinsey and Aric Gallatin,

       Defendants.

COME NOW Defendants City of Richfield, Dustin Schwarze, Nate Kinsey and Aric Gallatin, (hereafter "Defendants") for their joint and individual Answer to Plaintiff's Complaint, state and allege as follows:

1.      Unless hereinafter admitted, qualified, or otherwise answered, these answering Defendants deny each and every allegation, matter, thing and inference contained in Plaintiff's Complaint.

## THE PARTIES

2.      In response to Paragraph 1 of Plaintiff's Complaint, Defendants are without information sufficient to admit or deny Plaintiff's residency and therefore deny the same and hold Plaintiff to his strict proof thereof.

3.      In response to Paragraph 2 of Plaintiff's Complaint, Defendants admit Officers Schwarze, Kinsey and Gallatin are adults who at all times relevant to the allegations contained in Plaintiff's Complaint were acting under color of state law in their capacities as law enforcement officers for the City of Richfield ("City").  Defendants

acknowledge Plaintiff is suing Defendants Schwarze, Kinsey and Gallatin in their individual capacities.

3.      In response to Paragraph 3 of Plaintiff's Complaint, Defendants object as vague to the sentences that state "Richfield is the political subdivision charged with training and supervising law enforcement officers.  Richfield has established and implemented, or delegated the responsibility for establishing and implementing, policies, practices, procedures, and customs used by law enforcement officers employed by Richfield regarding seizures and the use of force."  Further answering, Defendants deny the City of Minneapolis employed Defendants Schwarze, Kinsey or Gallatin as police officers at any time relevant to this action.  Finally, Defendants admit Plaintiff has named the City in the caption of the Complaint, but affirmatively allege that Plaintiff has not pled a cause of action against the City and deny Plaintiff has pled a *Monell* claim in this case.

<strong><u>JURISDICTION AND VENUE</u></strong>

4.      In response to Paragraph 4 of Plaintiff's Complaint, Defendants admit only that Plaintiff has initiated this action seeking monetary relief under 42 U.S.C. §§ 1983 and 1988, but deny any wrongdoing and affirmatively allege that Plaintiff did not suffer any legally cognizable injury that would entitle him to relief.   The remainder of Paragraph 4 is moot as this case has been removed to Federal Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Defendants also deny that Plaintiff adequately pled a *Monell* claim against the City.

## GENERAL ALLEGATIONS

5.     Upon information and belief, Defendants admit Paragraphs 5, 6, 7, and 13.

6.     In response to Paragraph 8 of Plaintiff's Complaint, Defendants admit there was a heated discussion between Plaintiff and Officer Schwarze, but lack knowledge on what precisely was said.

7.     Defendants deny Paragraph 9 of Plaintiff's Complaint.

8.     In response to Paragraph 10 of Plaintiff's Complaint, Defendants admit only that an officer later, and only after continued arguing by Plaintiff, asked Plaintiff to get out of the vehicle.

9.     In response to Paragraph 11, Defendants admit only that Plaintiff was initially instructed by Officer Schwarze to remain in the car and that an officer later instructed Plaintiff to exit the vehicle.  Defendants lack knowledge on the remainder of Paragraph 11.

10.     In response to Paragraph 12 of Plaintiff's Complaint, Defendants admit that Officer Kinsey struck Plaintiff in the face, but did so only after Plaintiff refused to exit the vehicle and while Plaintiff was holding the door jam in an attempt to prevent the officers from removing him from the vehicle.  Further answering, Defendants affirmatively allege that Plaintiff kicked an officer in the face while they were attempting to get him out of the car.

11.     In response to Paragraph 14 of Plaintiff's Compliant, Defendants admit only that, after being removed from the vehicle and kicking an officer, Plaintiff was on the ground and continued to struggle with multiple officers while he was unhandcuffed.

3

12. In response to Paragraph 15 of Plaintiff's Complaint, Defendants admit that Officer Kinsey delivered closed-fist strikes to Plaintiff's upper torso/brachial nerve, but only with the objective of getting Plaintiff in a position to be handcuffed and only after Plaintiff refused to comply with officers' orders to put his hands behind his back or listen to the officers' commands to stop fighting with them.

13. Defendants admit Paragraphs 16 and 17, but affirmatively allege that the force used was reasonable in light of the fact that Plaintiff was not yet handcuffed and not following officers' orders to place his hands behind his back.

14. Defendants admit Paragraph 18 of the Complaint.

15. In response to Paragraph 19 of Plaintiff's Complaint, Defendants admit only that Officer Gallatin used force in response to Plaintiff's refusal to follow the officers' commands so Plaintiff could be handcuffed and affirmatively allege that it was only after Gallatin's final use of force that officers were able to place Plaintiff in handcuffs.

16. Defendants admit Paragraphs 20 and 22 of the Complaint.

17. Defendants admit Paragraph 21 of Plaintiff's Complaint, but affirmatively allege that Plaintiff's criminal case was "continued for dismissal" only after reaching a plea agreement with prosecutors that he commit no "same or similar" crimes for one year and serve a year on probation.

## COUNT I

**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – FALSE ARREST**

18.     In response to Paragraph 23 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 22 inclusive of Plaintiff's Complaint as set forth herein above.

19.     In response to Paragraph 24 of Plaintiff's Complaint, Defendants admit Plaintiff was arrested without a warrant and affirmatively state officers had probable cause to arrest Plaintiff for Obstructing Legal Process with Force and Disorderly Conduct.

20.     In response to Paragraph 25 of Plaintiff's Complaint, Defendants admit that *Borgman* is correctly cited, but affirmatively allege that it does not apply to this case and that ample probable cause existed for Plaintiff's arrest.

21.     Defendants deny Paragraphs 26 and 27 of Plaintiff's Complaint and hold Plaintiff to his strict proof thereof.

## COUNT II

**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE**

22.     In response to Paragraph 28 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 27 inclusive of Plaintiff's Complaint as set forth herein above.

23.     Defendants admit Paragraph 29 of Plaintiff's Complaint, but affirmatively allege there force was reasonable under the Fourth Amendment.

24.     Defendants deny Paragraphs 30 and 31 of Plaintiff's Complaint and hold Plaintiff to his strict proof.

25.     In response to Paragraph 32 of Plaintiff's Complaint, Defendants admit Plaintiff's statement of the law is generally correct, but affirmatively allege it does not meet the "clearly established law" criteria required by *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) to defeat qualified immunity.

26.     In response to Paragraph 33 of Plaintiff's Compliant, Defendants admit only that they did not use excessive force against Plaintiff.  Defendants deny the remainder of Paragraph 33 and hold Plaintiff to his strict proof thereof.

27.     In response to Paragraph 34 of Plaintiff's Complaint, Defendants admit officers have a general duty to uphold citizens' Fourth Amendment rights, but deny Defendants used excessive force against Plaintiff and put Plaintiff to his strict proof thereof.

28.     Defendants admit Paragraph 35 of Plaintiff's Complaint and affirmatively state that no intervention was warranted during Plaintiff's arrest on December 11, 2011, as Plaintiff was actively fighting and resisting officers' efforts to handcuff him.

29.     Defendants deny Paragraph 36 of Plaintiff's Complaint and hold Plaintiff to his strict proof thereof.

**JURY DEMAND**

30.     Paragraph 37 of Plaintiff's Complaint contains no allegations against these answering Defendants.  Therefore, no further response is required.

## AFFIRMATIVE DEFENSES

26.     That any injuries or damages sustained by Plaintiff were due to and caused by his own conduct.

27.     That Plaintiff's Complaint fails to state a claim upon which relief may be granted.

28.     That *Heck v. Humphrey* 512 U.S. 477 (1994) bars Count I of Plaintiff's Complaint.

29.      That Plaintiff's claims are barred by the doctrines of qualified immunity.

30.     That any state law claims that could be gleaned from Plaintiff's Complaint are barred by official immunity.

31.     That at all times Defendants acted reasonably and properly.

32.     That Defendants were at all times performing discretionary functions while acting with good faith and reasonable belief that their actions were lawful, constitutional and proper.

33.     That Plaintiff was guilty of unlawful conduct which was the cause of any injuries or damages he may have sustained.

34.     Defendants allege any injuries or damages sustained by Plaintiff were caused by, due to and the result of the careless, negligent and unlawful conduct on the part of Plaintiff, and Plaintiff's fault was greater than any fault of any other person and, therefore, Defendants are not liable to Plaintiff.

35.     That Plaintiff's claims are barred because no constitutional injury occurred.

36.     That the actions of Officers Schwarze, Kinsey, and Gallatin were authorized by Minnesota Statutes, including, but not limited to Minn. Stat. § 609.06.

37.     That Officers Schwarze, Kinsey, and Gallatin acted in good faith and in accordance with Minnesota and Federal Statutes and case law.

38.     Defendants affirmatively allege at all times material hereto, Officers Schwarze, Kinsey, and Gallatin were performing discretionary acts within the scope of their duties and their conduct was lawful, constitutional and pursuant to probable cause.

39.     That at all times Defendants acted within their constitutional, statutory and administrative authority, and at all times relevant hereto acted with legal justification and privilege.

40.     That Defendants Schwarze and Kinsey have not been served with process.

41.     Defendants specifically deny any wrongful acts or that their acts caused any of Plaintiff's alleged damages, deny that the City of Richfield has a custom, practice or policy that would be violative of an individual's constitutional rights and deny that they deprived Plaintiff of any constitutional rights.

WHEREFORE, Defendants City of Richfield, Dustin Schwarze, Nate Kinsey and Aric Gallatin pray Plaintiff take nothing by his pretended claims for relief, that these answering Defendants be awarded judgment dismissing Plaintiff's cause of action with prejudice, that Defendants be given judgment for costs, disbursements and attorney's fees pursuant to 42 U.S.C. § 1988 and for such other relief as the Court deems just and equitable.

Dated:  December 1, 2015

s/Daniel P. Kurtz
Daniel P. Kurtz
Attorney ID# 387858
Attorney for Defendants
145 University Avenue West
St. Paul, MN 55103-2044
Telephone:  651.281.1276
Facsimile:  651.281.1298
Email:  dkurtz@lmc.org