**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nataniel Hanson,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>City of Richfield, Dustin Schwarze,<br>Nate Kinsey, and Aric Gallatin,<br><br>　　　　　　　　　Defendants. | Civil No. 15-4210 (RHK/JSM)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

## THE PARTIES

1. Plaintiff is an adult male who resides in Minnesota.

2. Defendants Dustin Schwarze, Nate Kinsey, and Aric Gallatin are adults who at all times relevant to the allegations set forth in this Complaint were acting under color of state law in their capacities as law enforcement officers employed by the City of Richfield, Minnesota. Plaintiff is suing them in their individual capacities.

3. Defendant City of Richfield is a political subdivision of the State of Minnesota. Richfield employed Defendants Schwarze, Kinsey, and Gallatin as police officers at all times relevant to this action. Richfield is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of Defendants Schwarze, Kinsey, and Gallatin. Richfield is the political subdivision charged with training and supervising law enforcement officers. Richfield has established and implemented, or delegated the responsibility for establishing and implementing, policies, practices, procedures, and customs

used by law enforcement officers employed by Richfield regarding seizures and the use of force.  Richfield is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

## JURISDICTION AND VENUE

4. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988.  This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1343(a)(3) and 1331.  Venue is proper in this district under 28 U.S.C. § 1391, as the events giving rise to this action occurred in this district and, on information and belief, Defendants reside in this district.

## GENERAL ALLEGATIONS

5. On December 11, 2011, at or around 2:27 a.m., Plaintiff was a passenger in a vehicle stopped by Richfield police officers.

6. Plaintiff identified himself with his driver's license.

7. Officer Schwarze performed one or more field sobriety tests on the driver of the vehicle.

8. Officer Schwarze informed Plaintiff and another passenger in the vehicle that if they exited the vehicle, he would "beat the shit out of" them.

9. When Officer Schwarze made this comment, he was pointing his Taser at Plaintiff.

10. Sergeant Steen then approached the back seat with Officer Schwarze and instructed Plaintiff to exit the vehicle.

11. Plaintiff did not immediately exit the vehicle, however, because Sergeant Steen's instruction flatly contradicted Officer Schwarze's instruction;

so Plaintiff did not know whether Sergeant Steen was ordering him to exit or daring him to exit and have Officer Schwarze Taser or "beat the shit out of" him.

12. Officer Kinsey hit Plaintiff in face with a closed fist.

13. Officers pulled Plaintiff from the rear of the vehicle.

14. Plaintiff was prone on the ground and his hands were above his head.

15. Officer Kinsey hit Plaintiff with a closed fist approximately nine more times.

16. Officer Schwarze removed the cartridge from his Taser, held the trigger down, and delivered drive stuns to Plaintiff.[1]

17. Officer Schwarze delivered approximately three drive stuns to Plaintiff for at least one to two seconds each.

18. Officer Schwarze also managed to drive stun Officer Cook in the left leg.

19. Officer Gallatin kicked Plaintiff approximately three times and stomped on him approximately twice.

20. Officers handcuffed Plaintiff.

21. Plaintiff was arrested for, but not convicted of, felony fourth degree assault against a police officer.

---

[1] When the cartridge is removed, the Taser may be operated in "drive stun" mode and used as a pain compliance tool. In drive stun mode, the Taser's electrical probes are applied directly to the person, causing incapacitating pain.

22. Plaintiff was transported to and booked at the Hennepin County Jail.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – FALSE ARREST

23. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

24. Defendants, acting under color of state law, arrested Plaintiff without a warrant.

25. At the time Defendants arrested Plaintiff without a warrant, it was clearly established that a warrantless arrest complies with the Fourth Amendment only "if it is supported by probable cause." *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011).

26. Defendants did not have probable cause, or even arguable probable cause, to arrest Plaintiff.

27. Defendants, by arresting Plaintiff without a warrant or probable cause, caused Plaintiff harm.

## COUNT II
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE

28. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

29. Defendants, acting under color of state law, used force against Plaintiff.

30. This use of force was excessive because it was not reasonably necessary under the circumstances.

31. Plaintiff was harmed as a direct result of this excessive use of force.

32. At the time of this excessive use of force, it was clearly established that the Fourth Amendment guarantees the right to be free from unreasonable seizures, which includes the right to be free from excessive force by police officers.

33. Even if Defendants did not use excessive force against Plaintiff, they witnessed one or more other officers using excessive force against Plaintiff.

34. At the time Defendants used force against Plaintiff, it was clearly established that police officers have an affirmative duty to intervene on behalf of people whose Fourth Amendment rights are being violated in their presence by one or more other officers. *Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir. 1983); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981).

35. Defendants failed to intervene on Plaintiff's behalf.

36. Plaintiff was harmed as a direct result of this failure to intervene.

### COUNT III
### LIABILITY OF DEFENDANT CITY OF RICHFIELD
### FOR CONSTITUTIONAL VIOLATIONS

37. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

38. At all times material to this complaint, Defendant City of Richfield, acting through its police department, and through the individual defendants,

had *de facto* policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times material to this complaint, Defendant City of Richfield, acting through its police department, and through the individual defendants, had *de facto* policies, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise, or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

40. At all times material to this complaint, Defendant City of Richfield, acting through its police department, and through the individual defendants, had *de facto* policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through a code of silence. Such policies, practices, customs, and/or usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

41. As a result of the foregoing, Plaintiff was deprived of his liberty, experienced injury, pain, and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

42. Plaintiff demands a jury trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in Plaintiff's favor on his claims against Defendants, the exact amount to be proven at trial;

2. Declare that Defendants' conduct, as set forth above, violated 42 U.S.C. § 1983;

3. Award Plaintiff damages to compensate him for the harm he suffered as a result of Defendants' unlawful conduct;

4. Award Plaintiff punitive damages with respect to his claims under federal law, the exact amount to be proven at trial;

5. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988;

6. Grant Plaintiff all statutory relief to which he is entitled;

7. Grant Plaintiff leave to amend this Complaint to supplement any factual deficiencies or otherwise address any pleading deficiencies herein; and

8. Grant any other relief the Court deems just and equitable.

Dated: December 14, 2015

*s/Tim M. Phillips*
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**